12/17/2018 2:17 PM
18CV57149

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| ARROWOOD INDEMNITY COMPANY, a Delaware Corporation, formerly known as ROYAL INDEMNITY COMPANY, as successor in interest to ROYAL GLOBE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC INDEMNITY COMPANY, a Wisconsin corporation, as successor to all of the liabilities of NORTHWESTERN PACIFIC INDEMNITY COMPANY, an Oregon corporation, ALLSTATE INSURANCE CORPORATION, an Illinois corporation, HARTFORD ACCIDENT AND INDEMNITY COMPANY, a Connecticut corporation, FARMERS INSURANCE COMPANY OF OREGON, an Oregon corporation, EMPLOYERS INSURANCE COMPANY OF WAUSAU, a Wisconsin corporation, and LUMBERMENS MUTUAL GROUP, an Illinois corporation, as successor to all of the liabilities of KEMPER and KEMPER INSURANCE COMPANIES, Illinois corporations;<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**CASE NOT SUBJECT TO MANDATORY ARBITRATION**<br><br>Fee authority:  ORS 21.135(1);2(f) |

**NATURE OF ACTION**

1.

This is an action for declaratory relief, arising out of the currently-pending case of *State of Oregon v. Pacific Indemnity Company, et al.,* [1] Multnomah County Circuit Court Case No.

---
[1] The underlying case has been designated as complex and assigned to Judge Karin Immergut for all proceedings.

Page 1 – COMPLAINT FOR DECLARATORY RELIEF

**NICHOLAS DAZER PC**
121 SW Morrison St., Suite 475
Portland, Oregon 97204
Telephone:  (503) 953-1043
Facsimile:   (503) 953-1039

15CV29585. In the instant action, Plaintiff Arrowood Indemnity Company, formerly known as Royal Indemnity Company, and as successor in interest to Royal Globe Insurance Company ("Arrowood") seeks a declaration that the "Defendant Insurers" (all defendants named herein) owe contribution to Arrowood for their just and equitable share of the common liability relating to the defense of the State of Oregon ("the State"), by and through its Department of Transportation ("ODOT") against claims, demands, suits and proceedings asserted by the United States Environmental Protection Agency ("EPA"), the Portland Harbor Natural Resource Trustee Council, and others for response costs and damages arising from alleged groundwater, surface water, soil, and sediment contamination in connection with the Portland Harbor Superfund matters (the "Portland Harbor Claims").

**JURISDICTION AND VENUE**

2.

This court has jurisdiction over the Defendant Insurers for one or more of the following reasons:

a. The Defendant Insurers were or are licensed or authorized to do business in the State of Oregon;

b. The Defendant Insurers have, within the relevant time periods, transacted the business of selling insurance and adjusting claims in the State of Oregon; and

c. The Defendant Insurers have sold insurance policies which cover risks located within the State of Oregon, assumed all of the liabilities arising from policies sold in Oregon to the State of Oregon, or issued policies under which ODOT and/or the State of Oregon qualify as named or additional insureds.

3.

This court has jurisdiction over the subject matter of this action pursuant to ORS 14.030 and ORS 28.020.

/ / /

Page 2 – COMPLAINT FOR DECLARATORY RELIEF

NICHOLAS DAZER PC
121 SW Morrison St., Suite 475
Portland, Oregon 97204
Telephone: (503) 953-1043
Facsimile: (503) 953-1039

EXHIBIT A
Page 2 of 10

4.

Venue lies with this court under ORS 14.080 because the events giving rise to the dispute occurred in Multnomah County, Oregon, and Farmers Insurance Company of Oregon (the only defendant domiciled in Oregon) conducts regular and sustained business activity in Multnomah County.

**PARTIES**

5.

Plaintiff Arrowood is an insurance company incorporated in Delaware with its principal place of business in North Carolina and was formerly known as Royal Indemnity Company, which is the successor in interest to Royal Globe Insurance Company.

6.

Northwestern Pacific Indemnity Company ("NWPI") was incorporated under the laws of the State of Oregon on February 14, 1963. The original Certificate of Authority was issued by the Oregon Insurance Division on March 1, 1963. NWPI was a member of The Chubb Corporation holding company system and was a wholly owned subsidiary of PIC, a property and casualty insurer domiciled in Wisconsin. As a result of a *Transfer and Assumption Agreement* between PIC and Cottage Insurance Holdings, Inc., PIC accepted and assumed all liabilities of any kind of NWPI, including all liabilities relating to or arising from policies issued prior to February 12, 2013. Federal Insurance Company, an Indiana domiciled insurer, in turn owns PIC. The Chubb Corporation, a New Jersey domiciled holding corporation, owns Federal Insurance Company.

7.

Employers Insurance Company of Wausau ("Wausau") is an insurance company incorporated in, and which maintains its principal place of business in, Wisconsin.

8.

Allstate Insurance Company ("Allstate") is an insurance company incorporated in, and

Page 3 – COMPLAINT FOR DECLARATORY RELIEF

NICHOLAS DAZER PC
121 SW Morrison St., Suite 475
Portland, Oregon 97204
Telephone: (503) 953-1043
Facsimile: (503) 953-1039

EXHIBIT A
Page 3 of 10

1  which maintains its principal place of business in, Illinois.

2  9.

3  Hartford Accident and Indemnity Company ("Hartford") is an insurance company
4  incorporated in, and which maintains its principal place of business in, Connecticut.

5  10.

6  Lumbermens Mutual Group ("Lumbermens") is an insurance company incorporated in,
7  and which maintains its principal place of business in, Illinois. The company and its affiliates
8  formerly operated under the trade names "Kemper" and "Kemper Insurance Companies", which
9  were insurance companies incorporated in, and with their principal places of business in, Illinois.

10  11.

11  Farmers Insurance Company of Oregon ("Farmers") is an insurance company
12  incorporated in, and which maintains its principal place of business in, Oregon and which
13  conducts regular and sustained business activity in Multnomah County, Oregon.

14  **INSURANCE POLICIES**

15  12.

16  Arrowood, through its predecessor, Royal Globe Insurance Company, issued the
17  following contract of insurance to Northwest Copper Works, Inc., under which ODOT claimed it
18  was an additional insured under the automobile coverage part: Policy No. PYA125691 effective
19  for the policy period of March 17, 1978 to March 17, 1981, with limits of $500,000 per
20  occurrence and $500,000 in the aggregate.

21  13.

22  NWPI issued the following contracts of insurance – which include automobile coverage –
23  to the State, including its departments and agencies, under which ODOT is an insured, and all
24  liability and obligations for which PIC has assumed:

25  a. Policy No. L010053 with limits of $300,000 per occurrence and no aggregate
26     limit of liability, and effective for the original policy period of July 1, 1968 to July

Page 4 – COMPLAINT FOR DECLARATORY RELIEF

NICHOLAS DAZER PC
121 SW Morrison St., Suite 475
Portland, Oregon 97204
Telephone: (503) 953-1043
Facsimile: (503) 953-1039

EXHIBIT A
Page 4 of 10

1, 1971, but extended by the following endorsements for five additional policy periods up through and including October 1, 1973:

    i. Endorsement #20 - a new policy period through and including September 30, 1971;

    ii. Endorsement #21 - a new policy period through and including November 30, 1971;

    iii. Endorsement #22 - a new policy period through and including June 30, 1972;

    iv. Endorsement #23 - a new policy period through and including June 30, 1973; and

    v. Endorsement #33 - a new policy period through and including October 1, 1973.

b. Policy No. L0077806600 with limits of $300,000 per occurrence and no aggregate limit of liability, and effective for the policy period of October 1, 1973 to October 1, 1976, but unilaterally cancelled by NWPI over the State's objection effective October 1, 1975.

c. Policy No. LAC 5784 with limits of $300,000 per occurrence and no aggregate limit of liability and effective for the policy period of July 1, 1970 to July 1, 1971.

d. Policy No LAC 6200 with limits of $300,000 per occurrence and no aggregate limit of liability and effective for the policy period of July 1, 1971 to July 1, 1974.

14.

Farmers issued the following contract of insurance, which includes automobile coverage, directly to the State of Oregon: Policy No. 3120-00-24 with limits of $100,000 per occurrence and $300,000 aggregate and effective for the period of July 1, 1974 to July 1,

Page 5 – COMPLAINT FOR DECLARATORY RELIEF

NICHOLAS DAZER PC
121 SW Morrison St., Suite 475
Portland, Oregon 97204
Telephone:  (503) 953-1043
Facsimile:   (503) 953-1039

EXHIBIT A
Page 5 of 10

1977.

15.

Hartford issued the following contracts of insurance, which include automobile coverage, to Warren Pacific Corporation pursuant to which ODOT qualifies as an additional insured:

    a. Primary policy number 52CBPHN9383 effective for the policy period of August 1, 1983 to August 1, 1984, with limits of $500,000 per occurrence and $500,000 in the aggregate for property damage; and

    b. Umbrella policy number 52 RHU HN8726 effective for the policy period of August 1, 1983 to August 1, 1984, with limits of $5,000,000 per occurrence and $5,000,000 in the aggregate for property damage.

16.

Allstate issued the following contract of insurance, which includes automobile coverage, directly to ODOT: Primary policy number l7-905-049CG effective for the policy period of August 21, 1965 to August 21, 1968, with limits of $100,000 per occurrence and no aggregate limits of liability.

Allstate issued the following contracts of insurance, which include automobile coverage, directly to the State of Oregon:

    a. Primary policy number 17-910-440-7-1 effective for the policy period of July 1, 1967 to July 1, 1968, with property damage liability limits of $25,000 per occurrence and no aggregate limits of liability;

    b. Primary policy number 17-913-550-7-1 effective for the policy period of July 1, 1968 to July 1, 1969, with property damage liability limits of $25,000 per occurrence and no aggregate limits of liability.

    c. Primary policy number 17-919-400 effective for the policy period of July 1, 1969 to July 1, 1970, with property damage liability limits of $25,000 per

Page 6 – COMPLAINT FOR DECLARATORY RELIEF

NICHOLAS DAZER PC
121 SW Morrison St., Suite 475
Portland, Oregon 97204
Telephone: (503) 953-1043
Facsimile: (503) 953-1039

EXHIBIT A
Page 6 of 10

1  occurrence and no aggregate limits of liability.

2  17.

3  Wausau issued the following contract of insurance, which includes automobile coverage, to Donald M. Drake Company, pursuant to which ODOT qualifies as an additional insured: Policy number 52-CBP-HN9383 effective for the policy period August 1, 1983 to August 1, 1984, with property damage liability limits of $250,000 per occurrence and no aggregate limits of liability.

8  18.

9  Lumbermens, by and through Kemper or Kemper Insurance Companies, issued an automobile insurance contract effective for the policy period of October 1, 1985 to October 1, 1986 to NW Copper Works, Inc. and, on information and belief, ODOT qualifies as an additional insured under that insurance, which had a per occurrence limit of $500,000.

13  **COMMON ALLEGATIONS**

14  19.

15  In December of 2000, EPA listed a section of the lower Willamette River near Portland, Oregon on the National Priorities List as a federal Superfund Site ("the Portland Harbor"). The study area for the Portland Harbor extends from river mile 1 up to and including through river mile 12. In that same month, EPA also sent out nearly seventy (70) General Notice Letters ("GNLs") informing potentially responsible parties ("PRPs") that they may be liable for money expended by EPA for response actions in the Portland Harbor under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 USC § 9601 et seq. EPA sent additional GNLs in 2006, 2008 and 2011. DSL and ODOT each received a GNL on February 16, 2011, and each is therefore a PRP.

24  20.

25  Under 42 USC § 9607(a), PRPs and other entities with operations, property interests, or other involvement near the Willamette River may be held jointly and severally liable for all costs

Page 7 – COMPLAINT FOR DECLARATORY RELIEF

NICHOLAS DAZER PC
121 SW Morrison St., Suite 475
Portland, Oregon 97204
Telephone: (503) 953-1043
Facsimile: (503) 953-1039

EXHIBIT A
Page 7 of 10

incurred by EPA and other PRPs in responding to releases or threats of releases of hazardous substances into the Portland Harbor.

21.

Under 42 USC § 9607(f)(l), PRPs and other entities with operations, property interests, or other involvement near the Willamette River may he held jointly and severally liable for all costs associated with the restoration of natural resources damaged by hazardous substances.

22.

On or about July 1, 2006, Arkema, Inc., Chevron U.S.A., Inc., Gunderson, Inc., NW Natural, Time Oil Co., ConocoPhillips Company, Union Pacific Railroad Company, and Oregon Steel Mills, Inc., among others, (collectively the "2006 Plaintiffs") asserted claims against ODOT, claiming a right to recovery of, or contribution toward, response costs incurred in connection with the Portland Harbor under CERCLA, 42 USC § 9601 et seq., pursuant to an Administrative Order on Consent between the 2006 Plaintiffs and EPA.  In order to avoid immediate prosecution of claims pursuant to EPA's Administrative Order on Consent, ODOT entered into tolling agreements with the 2006 Plaintiffs.

23.

On January 18, 2008, EPA issued CERCLA Section 104(e) (42 USC § 9604(e)) information requests to ODOT requesting information regarding releases into the Portland Harbor between 1937 and the present.  A Section 104(e) request is not permissive; recipients must provide the information requested under threat of legal action and civil penalties of up to $32,500 per day for noncompliance.  Shortly thereafter, six federally recognized tribes and other government agencies ("NRD Trustees") identified DSL and ODOT as PRPs for damage to natural resources.

24.

On February 16, 2011, EPA identified ODOT as a PRP for releases into the Portland Harbor and advised that ODOT was potentially responsible for all response costs incurred in the

Page 8 – COMPLAINT FOR DECLARATORY RELIEF

NICHOLAS DAZER PC
121 SW Morrison St., Suite 475
Portland, Oregon 97204
Telephone:  (503) 953-1043
Facsimile:   (503) 953-1039

EXHIBIT A
Page 8 of 10

Portland Harbor. ODOT has likewise been the subject of multiple other claims by PRPs and parties other than the 2006 Plaintiffs, who have been notified by EPA, tribal, federal, and state natural resource trustees or other parties of their potential liabilities with respect to the Portland Harbor. The limitations periods applicable to these contribution claims have been tolled by agreement. The claims referenced in the preceding four paragraphs are individually and collectively referred to as "the Portland Harbor Claims."

25.

On or about October 30, 2015, the State filed a lawsuit against a number of insurers, *State of Oregon v. Pacific Indemnity Company, et al.*, Multnomah County Circuit Court Case No. 15CV29585, in which the State sought a declaratory judgment that the insurance company defendants in that case have a duty to defend the State against the Portland Harbor Claims and also seeking damages for Defendant Insurers' refusal to defend.

26.

On or about January 25, 2018, the State amended its Complaint to include Arrowood as a party defendant, along with the other insurance company defendants.

27.

On or about July 25, 2018, the Court declared that Arrowood has a duty to defend ODOT against the Portland Harbor Claims under the automobile coverage part of the policy issued by Arrowood.

**CLAIM FOR DECLARATORY RELIEF**

28.

Arrowood incorporates by reference, as if fully restated here, paragraphs 1 through 27 above.

29.

Defendant Insurers, each of which issued to the State of Oregon and/or to ODOT an automobile liability insurance policy, or a policy that included automobile liability coverage,

Page 9 – COMPLAINT FOR DECLARATORY RELIEF

NICHOLAS
DAZER PC
121 SW Morrison St., Suite 475
Portland, Oregon 97204
Telephone: (503) 953-1043
Facsimile: (503) 953-1039

EXHIBIT A
Page 9 of 10

1  owe their proportionate and fair share towards funding the defense of ODOT against the Portland
2  Harbor Claims under principles of equitable contribution.  The Court should issue a declaration
3  that each of the Defendant Insurers should bear their respective share of the defense of ODOT
4  against the Portland Harbor claims based upon an equitable allocation.

5                                         30.

6      Arrowood requests that the Court further declare that each of the Defendant Insurers
7  owes an allocated share of the obligation to defend ODOT against the Portland Harbor Claims.

8                                         31.

10     **WHEREFORE**, Plaintiff Arrowood Indemnity Company prays for relief as follows:

11     1.    A declaratory judgment that Defendant Insurers owe their fair, equitable and
12 respective share of contribution, along with Arrowood, toward, toward the defense of ODOT in
13 connection with the investigation and remediation expenses or any other claims associated with
14 the Portland Harbor Claims;

15     2.    An award of Arrowood's costs and disbursements incurred herein; and

16     3.    Any other and further award or relief that this court deems just and equitable.

17     Dated:  December 17, 2018.

18                                    **NICHOLAS DAZER PC**

19                                    */s/ Nicholas L. Dazer*
20                                    Nicholas L. Dazer, OSB No. 002403
                                      Plaintiff's Trial Attorney
21                                    nick@dazerlaw.com

Page 10 – COMPLAINT FOR DECLARATORY RELIEF

**NICHOLAS DAZER** PC
121 SW Morrison St., Suite 475
Portland, Oregon 97204
Telephone:  (503) 953-1043
Facsimile:   (503) 953-1039

**EXHIBIT A**
**Page 10 of 10**